IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MCCLENNON COOK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-923-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, McClennon Cook, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 25-year sentence on his 1991 Tarrant County conviction for burglary of a habitation. (Pet. at 2) He

was released on parole on May 23, 2005. (State Habeas R. at 17[1]) On December 15, 2009, a warrant issued for his arrest, and, following his arrest on July 11, 2010, he received written notice that he was accused of violating certain conditions of his release and was advised of his rights in the revocation process. (Pet. Ex. 3; State Habeas R. at 20) Specifically, it was alleged that petitioner failed to (1) reside in a specified place as approved by his supervising officer, (2) remain at the facility designated by the Parole Division, and (3) report as directed. (State Habeas R. at 20) Petitioner requested a revocation hearing, which took place on July 28, 2010. (State Habeas R. at 17, 21)

At the July 28 hearing, petitioner admitted allegations (2) and (3) but denied allegation (1), petitioner's supervising parole officer testified regarding the allegations, petitioner was afforded an opportunity to give an oral statement, cross-examine the parole officer, and call a witness on his behalf. (*Id.* at 17-18; CD of Hrg; Supp. State Ct. R.) Based on the evidence, the hearing officer and board analyst determined that

---

[1]The "State Habeas R." reference is to what appears to be the record of the eighth state habeas application filed by petitioner, which is identified by case number "WR-31,643-08."

petitioner had violated the terms of his release. (State Habeas R. at 17-18) The hearing officer recommended that petitioner be placed in an Intermediate Sanction Facility (ISF). (*Id.* at 18) However, the parole officer and parole analyst recommended petitioner's parole be revoked. (*Id.*) On August 3, 2010, the Texas Board of Pardons and Paroles (the Board) voted to revoke petitioner's parole. (*Id.*)

On August 6, 2010, petitioner signed a document acknowledging that he had received a copy of the "Hearing/Waiver Results," informing him of his right to file a request to reopen the parole hearing within 60 days under the Board's Rule # 146.11 and a copy of the 10-page "report concerning the Hearing held" in his case, referred to hereafter as the "Hearing Report." (*Id.* at 19; Supp. State Ct. R.) Petitioner filed two requests to reopen the hearing, which were both denied by the Board on November 12, 2010. (Pet., Ex. 1) Petitioner then filed a state application for writ of habeas corpus challenging the revocation hearing, which was denied without written order on January 10, 2010, by the Texas Court of Criminal Appeals. (State Habeas R.) This federal petition for writ of habeas corpus followed.

## II. Issues

Petitioner raises two grounds for relief wherein he claims:

3

1. The 60-day statute of limitations procedurally barred the Board from raising any type of affirmative defense to his requests to reopen the hearing; and

2. The "procedures followed in the hearing and or disposition in the case are violative of federal due process of law or the rules of the Board."

(Pet. at 7)

### III. Rule 5 Statement

Respondent argues that the petition is partially unexhausted and procedurally barred. (Resp't Ans. at 4) However, a court may deny a petition on the merits notwithstanding a petitioner's failure to fully exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A), (2).

### IV. Discussion

**1. Legal Standard for Granting Habeas Corpus Relief**

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to

4

clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, typically it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings

5

consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). Thus, to the extent the state courts considered and rejected petitioner's claims without written order, the state courts' adjudication of the claims is subject to the appropriate deference absent evidence the state court applied an incorrect standard of federal law.

2. **Legal Discussion**

In his first ground, petitioner claims that the 60-day statute of limitations barred the Board from raising any type of affirmative defense to his requests to reopen the hearing and that the Board's general denial violated his right to appeal and to due process. (Pet. at 7; Insert to Pet. at 1-3) In support of his first claim, petitioner cites the court to the Board's Rule § 146.11, which provides that a releasee "shall have 60 days from the date of the board panel's revocation decision to request

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

6

a reopening of the case for any substantial error in the revocation process or upon newly discovered information." 37 TEX. ADMIN. CODE ANN. § 146.11 (a). This claim is legally incorrect. The time limitation is imposed on the releasee. The rule imposes no such limitations on the Board.

The second claim is equally meritless. When reviewing applications for habeas corpus relief, federal courts will only review allegations of deprivations of federal rights. 28 U.S.C. § 2254(a). Texas inmates have no constitutionally protected right to parole, because the relevant Texas statutes do not create an expectation of release which would implicate due process considerations. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Once granted, however, a parolee is entitled to certain due process requirements before his parole is revoked on the basis of a parole violation. *Morrissey v. Brewer*, 408 U.S. 471, 481-90 (1972). The minimum requirements of due process in parole revocation proceedings include:

> (a) written notice of the claimed violations of parole;
> (b) disclosure to the parolee of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and

> detached' hearing body; and (f) a written statement by
> the factfinders as to the evidence relied on and
> reasons for revoking parole.

*Id.* at 489. Additionally, the state's burden of proof in a revocation proceeding is considerably less than the reasonable-doubt standard. *See Villareal v. U.S. Parole. Comm'n*, 985 F.2d 835, 839 (5th Cir. 193). The question is whether the state presented some evidence reflected in the record to support the Board's decision. *Id.*; *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987).

The record of the revocation proceedings in this case demonstrates that petitioner received a revocation hearing that fulfilled the due process requirements. On July 15, 2010, he was provided with written notice of the alleged violations of his release, evidence that would be presented against him, and his rights in the revocation process. (Pet. Ex. 3; State Habeas R. at 20) A revocation hearing was conducted on July 28, 2010, during which petitioner admitted to two violations of his release. (State Habeas R. at 17-18) The state presented the testimony of petitioner's parole officer, Natasha Georgeff, regarding the allegations, and petitioner was able to cross-examine her, present documentary evidence, and call a witness on his behalf. (CD of Hrg; Supp. State Ct. R.) Nothing in the

record reflects that petitioner objected to the neutrality of the hearing officer, and petitioner received a copy of the "Hearing/Waiver Result" and "Hearing Report." (State Habeas R. at 19) This report provided petitioner with a written statement of the evidence relied on and the reasons for the Board's action, and petitioner's admissions and the testimony of his parole officer were sufficient evidence to support the revocation decision. (Supp. State Ct. R.)

Further, this court is unaware of any state statutory "right to appeal" the Board's decision to revoke. If revoked, a releasee is afforded the right to request that the Board *reopen* the revocation hearing within 60 days from the date of the Board's decision. 37 TEX. ADMIN. CODE § 146.11. However, there is no such corresponding federal constitutional right. *Wallace v. Texas Bd. Of Pardons and Paroles*, No. 4:00-CV-342-A, 2001 WL 360999, at *6 (N.D.Tex. Feb. 4, 2001) (not designated for publication) (providing improper denial of motion to reopen parole hearing is not cognizable in federal habeas proceeding).

Similarly, to the extent petitioner complains that the Board violated its own rules during the revocation proceeding or improperly denied his motions to reopen the hearing, the Board's failure to do so does not amount to a federal constitutional

9

violation because there is no such corresponding constitutional right. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1995); *Wallace*, No. 4:00-CV342-A, 2001 WL 360999, at *6.

In his second ground, petitioner claims his parole officer and/or the Board did not follow revocation procedures by providing him with a timely copy of the "Hearing Report" setting forth the Board's reasons for revoking his parole and the evidence relied upon for its decision, so that he could challenge the evidentiary basis for the Board's decision in his motions to reopen. (Pet. at 7; Insert to Pet. at 1-7) In support of the claim, petitioner directs the court's attention to page 3 of the "Hearing/Waiver Results" reflecting a notation that, as of August 6, 2010, his parole officer had "not received a hearing packet transcript." (State Habeas R. at 19) The meaning of this notation is unclear, however as previously noted petitioner expressly acknowledged by his signature that he received a copy of the "Hearing/Waiver Results" and the "Hearing Report." (*Id.*) Thus, it appears petitioner's assertion is false.[3]

For the reasons discussed herein,

---

[3] To the extent petitioner attempts to raise a claim under the equal protection and/or ex post facto clauses in his second ground, the claims are not adequately briefed or argued and are therefore waived.

10

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June 23, 2011.

JOHN McBRYDE
United States District Judge

11